IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3148 |
| vs. | TENTATIVE FINDINGS |
| DAWN D. CLOVER, | |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant objects (filing 39) to the revised presentence investigation report, and moves for variance (filing 43).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

- (c) impose upon the United States the burden of proof on all Guidelines enhancements;

- (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

- (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the presentence report's calculation of the loss amount and restitution. Filing 39. When the defendant objects to factual allegations contained in the presentence report on which the government has the burden of proof, such as the loss calculation and restitution amount, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *See United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004); *see also* 18 U.S.C. § 3664(e); *United States v. Markert*, 774 F.3d 922, 925 (8th Cir. 2014). Accordingly, the Court will resolve the defendant's objection based on the evidence presented at sentencing.

The defendant has also moved for a downward variance, based on her personal circumstances and the circumstances of the offense. *See* filing 44. That motion will also be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of January, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge